NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Wilfredo Berrios,

      Plaintiff,

v.

United States of America,

      Defendant.

Civ. No. 12-2471

**OPINION**

**APPEARANCES**:

Michael J. O'Donnell, Esq.
Markowitz O'Donnell, LLP
3131 Princeton Pike
Bldg. 3D, Suite 200
Lawrenceville, NJ 08648

Jacob T. Elberg
Assistant U.S. Attorney
United States Attorney's Office
970 Broad Street
Newark, NJ 07102

RECEIVED

DEC 0 9 2015

AT 8:30_____ M
WILLIAM T. WALSH
CLERK

**THOMPSON, U.S.D.J.**

      Petitioner, Wilfredo Berrios, a federal prisoner, filed this motion to vacate, correct, or set aside his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 1.) Respondent United States of America opposes the petition. (ECF No. 4.) The Court issues the Opinion below based on the parties' written submissions and the testimony and evidence presented during the July 30, 2015 evidentiary hearing.

BACKGROUND

## 1. Procedural History

On April 26, 2012, Berrios filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate his sentence. (ECF No. 1.) On May 21, 2012, the Court advised Petitioner of his rights under *U.S. v. Miller*, 197 F.3d 44 (3d Cir. 1999). (ECF No. 3.) On July 30, 2015, the Court held an evidentiary hearing addressing Berrios' claim that he received ineffective assistance of counsel during plea negotiations. (ECF No. 26.) The following Opinion results from a consideration of the facts developed at that hearing.

## 2. Facts

From February to March, 2007, Petitioner and two co-defendants were involved in a series of four "violent armed bank robberies" in New Jersey. *See U.S. v. Herrera-Genao et al.*, 419 F. App'x. 288, 290 (3d Cir. 2011). Petitioner met with his co-defendants, Herrera-Genao and Lynn, wore a ski mask, and entered bank branches carrying either handguns or automatic weapons. Once inside, one of the men would fire his weapon while another "jumped over the counter, pointed his gun at the head of an employee, and demanded that money be put in a laundry bag." *Id.*

After conducting surveillance, the FBI intercepted Petitioner after he arrived at a bank branch to commit a fifth robbery. Petitioner was then arrested in the bank branch's parking lot. Inside Petitioner's car were found "multiple loaded weapons, a ski mask, and a laundry bag." *Id.*

On October 13, 2008, the United States filed a Second Superseding Indictment against Petitioner, charging him with the following:

**Count One**: Conspiracy to commit robbery in violation of 18 U.S.C. § 1951;

**Count Two**: Armed robbery on February 8, 2007, in violation of 18 U.S.C. § 2113(a), (d).

2

**Count Three**: Possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).

**Count Four**: Armed robbery on February 16, 2007, in violation of 18 U.S.C. § 2113(a), (d).

**Count Five**: Possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).

**Count Six**: Armed robbery on March 2, 2007, in violation of 18 U.S.C. § 2113(a), (d).

**Count Seven**: Possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).

**Count Eight**: Armed robbery on March 16, 2007, in violation of 18 U.S.C. § 2113(a), (d).

**Count Nine**: Possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).

**Count Ten**: Attempting to commit armed robbery on April 5, 2007, in violation of 18 U.S.C. § 2113(a), (d).

**Count Eleven**: Possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A).

*See U.S.A. v. Berrios*, Cr. No. 07-454 (D.N.J. Oct. 3, 2008) (ECF. No. 41).

Petitioner's family retained William Harth and F. Kevin Lynch to represent him as counsel in this matter. Mr. Harth and Mr. Lynch represented Petitioner during the plea negotiation process. On March 3, 2008, Petitioner terminated Mr. Harth and Mr. Lynch and the Court appointed John S. Furlong to represent Petitioner during trial. (Crim. Dkt. 07-454, ECF No. 33.) At some point between December 2007 and December 2008, Harth, Lynch, and Furlong all discussed the possibility of a plea offer with Assistant U.S. Attorney Charles McKenna and Assistant U.S. Attorney Jacob Elberg. Both Mr. Harth and Mr. Furlong testified at the hearing that there was never any firm plea offer made, but a 45-year plea deal was discussed. Mr. Harth and Mr. Furlong also testified that Petitioner was unwilling to entertain any offer of

3

more than 25 years. Plea negotiations stalled when the lawyers concluded that Petitioner would not agree to any offer the U.S. Attorney would likely propose.

Beginning December 2, 2008, Petitioner was tried before a jury. On December 10, 2008, Petitioner was found guilty of Count One and Counts Four through Eleven of the indictment. On May 22, 2009, Petitioner was sentenced to the statutory minimum term of 1,020 months imprisonment, comprised of 120 months on the first § 924(c) count (Count Five), and 300 months for each additional § 924(c) count (Counts Seven, Nine, and Eleven), all to run consecutively. Petitioner was given no additional term of imprisonment for his convictions of conspiracy, bank robbery, or attempted bank robbery (Counts One, Four, Six, Eight and Ten, respectively).

Petitioner appealed to the Third Circuit Court of Appeals on a number of grounds not before this Court, and the Third Circuit affirmed both the convictions and sentences. *Herrera-Genao*, 419 F. App'x at 301. Petitioner filed the present motion to vacate, set aside, or correct his sentence pursuant to 18 U.S.C. § 2255 on May 1, 2012. (*See* ECF No. 1.)

## CLAIMS

Petitioner raises the following issues for Section 2255 review, none of which were raised either at trial or on direct appeal. His claims are stated as follows:

1. Trial counsel was ineffective for failing to advise Petitioner of the statutory mandatory minimum sentences on the § 924(c) counts.

2. Trial counsel was ineffective for failing to challenge "the constructive amendment of the indictment."

3. Trial counsel was ineffective for failing to challenge the jury instructions regarding the elements of 18 U.S.C. § 924(c)(1)(A)(iii).

4. Trial counsel was ineffective for stipulating that the bank branches at issue were insured by the FDIC.

5. Trial counsel was ineffective for failing to challenge both "the

4

sufficiency of the evidence" and an alleged omission from the jury instructions regarding the FDIC.

6. Appellate counsel was ineffective for failing to challenge "the constructive amendment of the indictment" on appeal.

7. Appellate counsel was ineffective for failing to challenge the jury instructions regarding the elements of 18 U.S.C. § 924(c)(1)(A)(iii).

8. Appellate counsel was ineffective for failing to challenge the stipulation that the bank branches at issue were insured by the FDIC.

9. Appellate counsel was ineffective for failing to challenge "the sufficiency of the evidence" and an alleged omission from the jury instructions regarding the FDIC.

*(See id.* at 4-14.)

## ANALYSIS

### 1. Standards Governing Petitioner's Claims

Section 2255 of Title 28, United States Code, provides in relevant part that

[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court articulated the test for demonstrating an ineffective assistance of counsel claim. First, the petitioner must show that, considering all of the circumstances, counsel's performance fell below an objective standard of reasonableness. *Id.* at 688; *see also Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). This means that Petitioner must identify acts or omissions that are alleged not to have been the result of reasonable professional judgment. *Strickland*, 466 U.S. at 690. Second, Petitioner must

affirmatively show prejudice, which is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Additionally, the Third Circuit has "reasoned that 'there can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument.'" *U.S. v. Bui*, 769 F.3d 831, 835 (3d Cir. 2014) (citing *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999)).

## 2. Petitioner's Claims

### A. Ineffective Assistance of Trial Counsel

#### i. Failure to Advise Petitioner on Statutory Mandatory Minimums

Petitioner argues that his trial and pre-trial counsel failed to advise him of the statutory mandatory minimum sentences that attach to 18 U.S.C. § 924(c)(1)(A), which prohibits possession of a firearm during or in furtherance of a crime of violence. (*See* ECF No. 1-1 at 5.) Petitioner alleges that his pre-trial counsel, William T. Harth, Jr. and F. Kevin Lynch, failed to advise him that a first conviction under § 924(c) carries a ten-year mandatory minimum sentence, and that each subsequent conviction would carry a 25-year mandatory minimum sentence, all to run consecutively. (*Id.*) Petitioner then alleges that he rejected the government's plea offer, which would have carried a prison term of 45 years, because he was uninformed regarding the sentencing exposure he faced if he elected to go to trial. (*Id.* at 5-6.)

Petitioner also asserts that his trial counsel, John S. Furlong[1], failed to explain the statutory mandatory minimums to him before trial. Petitioner also alleges, by way of affidavit,

---

[1] As noted above, Mr. Furlong was appointed after Mr. Harth and Mr. Lynch were relieved as counsel. (*See* Crim. Dkt. 07-454, ECF No. 34.)

6

that he is not a native English language speaker and was not given an interpreter during the plea negotiations. According to him, this hampered his understanding of the consequences attached to rejecting the government's plea offer and prompted his proceeding to trial. (*See* ECF No. 18-1.)

Respondents, in their submissions, rely on the affidavits submitted by Petitioner's counsel. (*See* ECF No. 13 at 5-6.) Counselors Harth, Lynch, and Furlong all submitted affidavits explicitly rejecting the contention that Petitioner was unaware of his sentencing exposure. (*See, e.g.,* ECF Nos. 9, 10, 11.) Mr. Furlong also noted in his affidavit that Petitioner speaks "fluent English." (ECF No. 11 ¶ 4.) Petitioner's affidavit swears that he does not speak fluent English and that he was never told, by anyone, of the statutory mandatory minimums contained within 18 U.S.C. § 924(c)(1)(A). (*See* ECF No. 18-1.)

The two-pronged test announced by the Supreme Court in *Strickland* governs ineffective assistance of counsel claims both at trial and pre-trial phases. *See Hill v. Lockhart*, 474 U.S. 52 (1985). The Court turns first to the prejudice prong of *Strickland*, because "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed." 466 U.S. at 670. In terms of prejudice, Petitioner must show that, "but for counsel's unprofessional errors," he would have a received a lesser sentence. *Id.* at 669; *see also U.S. v. Booth*, 432 F.3d 542, 547 (3d Cir. 2005). Accepting Petitioner's allegations as true, as the Court must,[2] Petitioner was prejudiced by proceeding to trial because "he was exposed to an additional [40 years] imprisonment." *Booth*, 432 F.3d at 548-549.

Here, it is likely that Berrios would have received a lower sentence had he been offered a plea agreement and elected not to go to trial. On appeal, the issue before the Court is how

---

[2] In considering a motion to vacate a sentence, a court must "accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Gov't of the Virgin Islands v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989).

knowing and voluntary Berrios' election to go to trial was. Indeed, because "[k]nowledge of the comparative sentence exposure between standing trial and accepting a plea offer will often be crucial to the decision whether to plead guilty," the defendant has the right to make an informed decision on such an offer. *United States v. Day*, 285 F.3d 1167, 1172 (3d Cir. 1992); *see also Bui*, 769 F.3d at 831 (holding that counsel's incorrect advice regarding sentencing exposure constituted ineffective assistance).

In order to resolve these factual disputes, the Court conducted an evidentiary hearing on July 30, 2015. William Hart and Petitioner's trial counsel, John Furlong, as well as Petitioner testified. (*See* ECF No. 26.) Both of Petitioner's attorneys testified that they repeatedly advised Petitioner of his sentencing exposure if he elected to go to trial. Also, Mr. Harth testified, and Mr. Furlong confirmed, that there was no official plea offer to either accept or reject. Indeed, Mr. Harth admitted to making an error in his certification to the Court stating that a plea offer of 45 years was made by the Government. (*See* ECF No. 9.) In fact, there were mere *discussions* of a potential plea offer in Petitioner's criminal case, and no discrete offer was ever made. Both Mr. Harth and Mr. Furlong also testified that Petitioner was offered an English language interpreter on numerous occasions, and he repeatedly waived his right to have an interpreter. Mr. Harth and Mr. Furlong also testified that they communicated with Petitioner exclusively in English, and that they were never under the impression that anything was misunderstood in their communications.

The government also presented, as its Exhibit 1to its opposition, the transcript of a pre-trial hearing before the Honorable Garrett E. Brown, U.S.D.J. During this hearing, Petitioner explicitly waived his right to an interpreter when asked if one was necessary. *See United States v. Berrios et al.*, No. 07-454 at 4 (D.N.J. July 19, 2007). Both Mr. Harth and Mr. Furlong also

8

testified at the evidentiary hearing that they communicated with Petitioner only in English, and that there was never an issue with communication. Lastly, the government presented, as its exhibit 3, a letter to trial counsel from Petitioner that Petitioner admitted was in his own handwriting. Not only is the letter in English, but it expresses Petitioner's intent to reject a plea offer in the range of "42 years," and his refusal to take an offer of "25 years," even though such a number was never reportedly discussed. *See* Letter to F. Kevin Lynch, *Berrios v. United States*, No. 12-2471 (D.N.J. July 30, 2015).

Charles McKenna, counsel for the government, testified that no definite plea offer was ever made to defense counsel for Petitioner. Petitioner then testified at the evidentiary hearing.[3] Petitioner testified that no counsel ever fully explained his sentencing exposure to him and that he was never offered an interpreter. Petitioner's testimony regarding the absence of an interpreter during plea negotiations is directly contradicted by the hearing transcript before Judge Brown presented by Respondents at the evidentiary hearing. Regarding the letter presented by Respondents at the hearing, Petitioner testified first that, though it is his handwriting, he copied the letter into his handwriting after another inmate wrote out Petitioner's intentions into English for him. After the Court noted that Petitioner stated his intentions in the letter, Petitioner responded that the letter conveyed the thoughts of another inmate, not those of Petitioner, and that Petitioner copied the words and thoughts of another inmate into his own handwriting. Petitioner testified that he would have accepted a plea offer of 45 years if his attorney had presented it and that he indicated this to counsel.

---

[3] Petitioner testified with the assistance of an interpreter. Based on Petitioner's assertions in his motion to vacate Petition that he did not speak English, the Court appointed an interpreter in an abundance of caution.

In general, Petitioner's testimony lacked credibility. Not only did Petitioner's testimony about his knowledge of his sentencing exposure contradict the testimony of his attorneys, it also contradicted the contents of his letter to his attorneys. Furthermore, it seemed unlikely that, at no point during the pre-trial, trial, or sentencing process, no one (including the Court) noticed that Petitioner did not understand English well enough to know what was going on around him. This is especially pointed with regard to the government, which conducted a proffer interview with Petitioner. The proffer report produced by the government as its Exhibit 2, written up from verbal responses given by Petitioner in English, belies a notion that Petitioner either did not speak English or did not understand how his prosecution was progressing.

The Court finds the testimony of Mr. Harth and Mr. Furlong to be credible regarding their communications with Petitioner, including his ability to speak English. Petitioner did not present any credible evidence that he did not understand English well enough to meaningfully participate in his defense. Furthermore, he did not demonstrate that there existed a plea offer that he would have accepted, which offer would have resulted in a lower sentence for him. Therefore, Petitioner has not been able to demonstrate prejudice and habeas relief on this ground would have to be denied.

ii. Failure to Challenge the "Constructive Amendment of the Indictment"

Petitioner next contends that his trial counsel was ineffective for failing to challenge what amounted to a constructive amendment of his indictment. Petitioner contends, specifically, that "[t]he district court's instruction to the jury and the evidence introduced by the government on the §2113 counts amounted to a constructive amendment of the indictment." (*See* ECF No. 1 at 12.) Petitioner goes on to allege that, because the indictment specifies that Petitioner used "a .380 caliber handgun and two rifles," the prosecution constructively amended the indictment by

offering five weapons into evidence and not specifying which weapons were used during which robbery in the jury instructions. *Id.*

A constructive amendment occurs where a defendant is deprived of his right to be tried only on charges presented in an indictment returned by a grand jury. *United States v. Abuarquob*, 294 F. App'x 722, 725 (3d Cir. 2008) (internal citations omitted). It is true that it is the exclusive prerogative of the grand jury to determine the charges facing a defendant, and that once charges have been brought "an indictment may not be amended except by resubmission to the grand jury." *Russell v. United States*, 369 U.S. 749, 770 (1962). To wit, "any broadening of the possible bases for conviction from that which appeared in the indictment" is reversible error. *United States v. Miller*, 471 U.S. 130, 140 (1985) (quoting *Stirone v. United States*, 361 U.S. 212, 213 (1960)).

Here, Petitioner first argues that, because the indictment labels "rifles" and a ".380 caliber handgun" as the weapons used, the submission of a total of five (5) weapons into evidence amounted to a constructive amendment of the indictment. Specifically, Petitioner states that the government offered into evidence the following weapons: "A .380 caliber pistol; an SKS assault weapon; an MDL assault weapon; a .22 caliber rifle; and a Ruger Mini .30 caliber." (ECF No. 1-1 at 12.) Petitioner also alleges that the instructions to the jury on counts four, six, and eight (bank robbery), as well as counts five, seven, nine, and eleven (carrying a firearm in furtherance of a crime of violence) were improper because they, too, did not specify the weapons listed in the indictment as the weapons used by Petitioner. (*See* Crim. Dkt. 07-454, ECF. No. 99 at 49-50.)

Though the indictment does label the .380 caliber handgun and "rifles" as the weapons used, it did not need to specify the caliber of the weapons because the type of weapon is not an

element of the offense charged. The contested counts of bank robbery (counts four, six, and eight) were brought under 18 U.S.C. § 2113(a) and (d). According to § 2113(a), guilt attaches to one who "by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another … any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank…." This section does not name specific weapons as an element of the offense. § 2113(d) attaches to one who attempts to take money from a bank "by the use of a dangerous weapon or device." Petitioner does not allege that handguns and rifles cannot, as a matter of law, be treated as dangerous weapons or devices. *See McLaughlin v. United States*, 476 U.S. 16, 16-17 (1986) (finding even an unloaded gun to be a "dangerous weapon"). Thus, the additional language in the indictment specifying the use of rifles and a .380 caliber handgun can be considered "mere surplusage," and therefore does not invalidate Petitioner's conviction. *Miller*, 471 U.S. at 141; *Compare Abuarquob,* 294 F.App'x. at 725 (noting additional facts in an indictment are irrelevant so long as elements of crime charged are proved), *and Ford v. U.S.*, 273 U.S. 593 (1927) (holding that a part of an indictment unnecessary to the offense proved may be ignored), *with U.S. v. Centeno*, __ F.3d __, 2015 WL 4231582, at *8 (3d Cir. 2015) (finding a constructive amendment of an indictment when prosecutor argued in his summation that the jury could find defendant guilty of assault if he acted as a "getaway driver," despite the indictment not charging defendant with accessory after the fact).

Because the naming of "rifles" and the ".380 caliber handgun" in the indictment was unnecessary to § 2113(a) or (d), meaning they are not elements of the crime charged, the fact that the government offered five weapons into evidence is not error, nor is the absence of the specific weapons from the jury instructions error.

Petitioner also alleged that the indictment was constructively amended as to 18 U.S.C. § 924(c)(1)(A), the statute under which Petitioner was convicted of carrying a firearm in furtherance of a crime of violence (counts 5, 7, 9, and 11). The statute at issue merely specifies that a person who uses, carries, or possesses a "firearm" is subject to the penalties under § 924(c)(1)(A). The same reasoning as that used to analyze § 2113 applies here. Because using a specific firearm is not an element of § 924(c)(1)(A), the naming of the .380 caliber pistol and "two rifles" in the indictment was surplusage and unnecessary to the indictment. *See Miller*, 471 U.S. at 141; *Abuarquob*, 294 F. App'x. at 725; *Ford*, 273 U.S. at 595. Additionally, the jury was properly instructed that they must be unanimous with respect to which firearms in evidence were used during which bank robberies, thus satisfying all necessary requirements. (*See* Crim. Dkt. 07-454, ECF No. 99 at 59); *see also Johnson v. Louisiana*, 406 U.S. 356 (1972) (requiring unanimity on each delineated offense of which a defendant is culpable); *U.S. v. Beros*, 833 F.2d 455, 461 (3d Cir. 1987) (requiring unanimity on the specific act or acts constituting an offense).

Here, Petitioner is arguing that his trial counsel was constitutionally ineffective for not challenging the alleged constructive amendment of the indictment. However, as explained above, there was no constructive amendment of the indictment. Furthermore, even if there were a meritorious issue that trial counsel failed to raise, Petitioner would still fail the prejudice prong of *Strickland*. The so-called prejudice prong requires that a petitioner must show that there is a "reasonable probability that, but for counsel's deficient performance," the outcome of the trial would have been different. *Strickland*, 466 U.S. at 669. Petitioner adduces no evidence of a "reasonable probability" that a different jury instruction or fewer weapons in evidence would have produced a different result. Similarly, in addressing prejudice, "[i]t is firmly established that a court must consider the strength of the evidence in deciding whether the *Strickland* prejudice

13

prong has been satisfied." *Buehl v. Vaughn*, 166 F.3d 163, 172 (3d Cir. 1999). Here, the weight

of the evidence against Petitioner was substantial, and he offers no new evidence to support his

claims.

Because there was no constructive amendment to challenge, Petitioner's claim that trial

counsel was ineffective for failing to challenge a constructive amendment of the indictment is

denied.

      iii.     Trial counsel was ineffective for failing to challenge the jury instructions
             regarding the elements of 18 U.S.C. § 924(c)(1)(A).

Petitioner next contends that trial counsel was ineffective for failing to challenge the jury

instructions pursuant to 18 U.S.C. § 924(c)(1)(A), referenced in the indictment as counts 5, 7, 9,

and 11. Petitioner argues that the jury should have been instructed that they needed to find that

Petitioner carried a specific firearm both during and in relation to a crime of violence. (ECF No.

1-1 at 27.) Petitioner misunderstands the law on this point.

Section 924 reads, in pertinent part, "…any person who, *during and in relation to* any

crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime,

possesses a firearm …" 18 U.S.C. § 924(c)(1)(A) (emphasis added). Petitioner argues that the

jury charge on this statute was deficient because it instructed the jury that they were to read the

word "and" as an "or." (Cr. Dkt. 07-454, ECF No. 99 at 26-27.) Regarding this turn of phrase,

the jury instructions stated that, "[a]lthough the Indictment is written that way, you're specifically

instructed that it is sufficient for the Government to prove that the defendants [committed] one of

the acts charged in a particular count." (*Id.*)

The general rule in construing an indictment written in this manner is that "when a jury

returns a guilty verdict on an indictment charging several acts in the conjunctive . . . the verdict

stands if the evidence is sufficient with respect of any of the acts charged." *Turner v. U.S.*, 396

U.S. 398, 420 (1970); *see also United States v. Tykarsky*, 446 F.3d 458, 474 (3d Cir. 2006) (noting that charging the jury in the disjunctive, rather than the conjunctive, amounted to a narrowing of the charged offense that is permissible). Here, the Court correctly instructed the jury to read the indictment in the disjunctive, i.e., reading in an "or," and the jury found sufficient evidence to convict Petitioner of counts 5, 7, 9, and 11.

Because the jury instructions pertaining to the elements of 18 U.S.C. § 924(c)(1)(A) were proper, Petitioner's claim for relief on this ground is denied.

iv.  Trial counsel was ineffective for stipulating that the bank branches at issue were insured by the FDIC.

Petitioner next contends that his trial counsel was ineffective for stipulating that the banks at issue were insured by the Federal Deposit Insurance Corporation ("FDIC"). Petitioner argues that his counsel should have required the government to prove, through both testimonial and documentary evidence, that the banks at issue were FDIC insured. (*See* ECF No. 1-1 at 27.)

Rule 2(b)(2) of the rules governing § 2255 proceedings states that a petitioner's motion must "state the facts supporting each ground" for relief. Therefore, a district court may dispose of allegations that lack supporting facts without further investigation. *Thomas*, 221 F.3d at 437. Here, Petitioner cannot show that counsel's stipulation was unreasonable as he neither offers evidence to support, nor does he even allege, that the banks at issue were not FDIC insured as stipulated by counsel. Petitioner appears to merely wish that his counsel had forced the government to prove this fact. The decision not to force the government to spend time proving something the veracity of which Petitioner does not question can be labeled a strategic decision sanctioned by *Strickland. Id* at 690 ("the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy") (internal quotations omitted); *see also Hanson v. Dragovich*, 426 F. App'x 50, 58 (3d Cir. 2011) (noting

15

that stipulations can be strategic). Because Petitioner offers nothing to overcome the presumption that trial counsel's decision was strategically sound, the first prong of *Strickland* is not met. Because Petitioner has failed to prove the reasonableness prong of *Strickland*, the Court need not reach the prejudice prong. *See Werts v. Vaughn*, 228 F.3d 178, 224 n.24 (3d Cir. 2000).

Because Petitioner offers no evidence to overcome the presumption that counsel's stipulation was sound strategy, Petitioner's claim that counsel was ineffective for stipulating that the banks at issue were FDIC-insured is denied.

> v. Trial counsel was ineffective for failing to challenge both "the sufficiency of the evidence" on Count Ten, and for failing to challenge an alleged omission from the jury instructions regarding the FDIC element of 18 U.S.C § 2113.

Petitioner next contends that his trial counsel was ineffective for failing to challenge the sufficiency of the evidence on Count Ten of the indictment, attempted bank robbery, and that trial counsel was ineffective for failing to challenge the instruction to the jury on Count Ten, which allegedly omitted an element of the crime regarding the FDIC.

> *a. Trial counsel was ineffective for failing to challenge the Court's interpretation of § 2113(a) as applied to Count Ten (attempted bank robbery).*

Petitioner argues that the evidence presented to the jury was insufficient to convict him on Count Ten of the indictment (attempted bank robbery), because the evidence did not demonstrate that Petitioner actually used "force and violence" or "intimidation" during his attempt to rob the bank in question. 18 U.S.C. § 2113(a) reads, in relevant part, "[w]hoever, by force and violence, or by intimidation, takes, or attempts to take... any property or money...." Petitioner reads this phrase as requiring a completed act of force and violence or intimidation in order to be convicted of attempt. Neither the Third Circuit nor the Supreme Court has addressed this question directly, therefore, it is an open question in this Circuit.

16

The general rule in the Third Circuit is that "ineffective assistance [of counsel] cannot be established by failure to argue a point supported only by authority outside this jurisdiction." *United States v. Jiminez*, 54 F. App'x 369, 371 (3d Cir. 2002); *see also United States v. Sanders*, 3 F.Supp.2d 554 (M.D.Pa. 1998) (finding that an attorney's decision not to pursue an issue of statutory interpretation on an open question in the circuit did not constitute ineffective assistance); *McNeil v. United States*, 2013 WL 4045412, at *13 (D.N.J. 2013) ("Because the law in this circuit . . . is unsettled, [defendant] cannot state a claim for ineffective assistance of counsel."). As noted above, the question of how to interpret the language of § 2113(a) is unsettled in the Third Circuit. Therefore, Petitioner's suggested reading of the statute is, in effect, "only supported by authority outside this jurisdiction." *Jiminez*, 54 F. App'x at 371.

Here, because ineffective assistance of counsel cannot be premised on an unsettled area of law in the Third Circuit, counsel's failure to argue Petitioner's point was not objectively unreasonable. Thus, the first prong of *Strickland* is not met. *See* 466 U.S. at 670. Because the first prong of *Strickland* is not satisfied, the Court need not reach the second prong. *Id.* at 690. Therefore, because Petitioner cannot show that counsel's performance here was objectively unreasonable, Petitioner's claim for relief on this ground is denied.[4]

---

[4] It is also worth noting that, based on the current state of the law in the Third Circuit, it was reasonable for Petitioner's counsel to conclude that the Court would continue to interpret § 2113 as it did in *United States v. Sawyer*, 39 F. App'x. 785, 787 (3d Cir. 2002). There, the Court concluded, in a non-precedential opinion, that "[a]n attempt conviction . . . requires that [the defendants] acted with intent to commit armed bank robbery and took a substantial step towards carrying out that intent." This reading of § 2113(a) is at odds with Petitioner's suggested reading and is generally followed throughout the Third Circuit. *See also United States v. McLaughlin*, 82 F. App'x 741, 744 (3d Cir. 2003) ("An attempt occurs when the defendant has the intent to commit a crime and performs an act amounting to a substantial step toward the commission of that crime."). Awareness of the Third Circuit's non-precedential opinions on the topic could have lead counsel to conclude that raising the issue would be a poor strategic choice, a decision sanctioned by *Strickand*. *See* 466 U.S. at 690.

17

### b. Omission during FDIC Jury Instruction

Petitioner also contends that trial counsel was ineffective for failing to challenge an alleged omission from the jury instructions regarding the elements of 18 U.S.C. § 2113(a) on Count Ten (attempted bank robbery). (*See* ECF No. 1-1 at 39.) Petitioner seems to suggest that the government was still required to prove that the banks at issue were insured by the FDIC, despite counsels' stipulation conceding that the banks were insured. Petitioner misunderstands the law on this point.

18 U.S.C. § 2113(f) reads, in pertinent part, "[a]s used in this section the term "bank" means any member bank of the Federal Reserve System . . . and any institution the deposits of which are insured by the Federal Deposit Insurance Corporation." This definition makes clear that the term "bank," used in the statute under which Petitioner was charged, refers only to banks that are part of the federal system. Petitioner argues, in effect, that although his counsel stipulated to the fact that the bank at issue was FDIC insured, the jury should have nevertheless been instructed that they must so find beyond a reasonable doubt.

A stipulation is "[a] voluntary agreement between opposing parties concerning the same relevant point." *U.S. v. Gillette*, 738 F.3d 63, 75 (3d Cir. 2013) (quoting BLACK'S LAW DICTIONARY 1550 (9 ed. 2009)). Stipulations are tools frequently used by attorneys to avoid the expense, in both time and money, of "proving" through testimonial and documentary evidence an element of a crime that is not in dispute. Here, Petitioner's counsel and the prosecutor stipulated to the fact that the banks at issue were all FDIC-insured, a trial strategy the Court already characterized as sound. *See supra*, A.IV.

A stipulation is proper unless it removes the role of ultimate finder of fact from the jury and places it with the judge. *See Sullivan v. Louisiana*, 508 U.S. 275, 277 (1993). This happens

when a judge refuses to inform the jury of stipulations made between attorneys regarding elements of a crime. *See U.S. v. Higdon*, 638 F.3d 233, 236 (3d Cir. 2011); *see also U.S. v. Williams*, 612 F.2d 735 (3d Cir. 1979). Here, the trial judge informed the jury as to the stipulation regarding the FDIC, and explained what is meant by the word "stipulation."[5] (*See* Crim. Dkt. 07-454, ECF No. 99 at 72, 22 (respectively).) Both because the stipulation regarding the FDIC was proper and because it was properly reported to the jury during jury instructions, there is no meritorious argument Petitioner has made regarding ineffective assistance of counsel on this point. Petitioner's claim for relief on this ground is denied.

## B. Ineffective Assistance of Appellate Counsel

In claims Six through Nine of the petition, Petitioner contends that his counsel on direct appeal was similarly ineffective for failing to raise a number of the same points trial counsel failed to raise. (*See* ECF No. 1-1 at 27.) Petitioner raises four claims that appellate counsel was ineffective[6]:

1. Appellate counsel was ineffective for failing to challenge "the constructive amendment of the indictment" on appeal;

2. Appellate counsel was ineffective for failing to challenge the jury instructions regarding the elements of 18 U.S.C. § 924(c)(1)(A)(iii);

3. Appellate counsel was ineffective for failing to challenge the stipulation that the bank branches at issue were insured by the FDIC; and

4. Appellate counsel was ineffective for failing to challenge "the sufficiency of the evidence" and an alleged omission from the jury instructions regarding the FDIC.

---

[5] "When both sides stipulate or agree as to the existence of a fact, then we don't need to bring in a witness, they don't need to bring in a witness, and the jury should accept that stipulation as evidence and regard that fact as proved." (Crim. Dkt. 07-454, ECF No. 99 at 22.)

[6] Petitioner's claims 6-9 are reprinted here as 1-4 for ease of understanding and readability.

19

Counsel is not ineffective "for failing to raise every conceivable argument . . . regardless of lack of merit." *Amponsah v. U.S.*, No. 08–114, 2009 WL 900732, at *6 (D.N.J. Apr. 2, 2009); *see also Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996). It is also generally true that "counsel cannot be deemed ineffective for failing to raise a meritless claim." *Ross v. District Attorney of the County of Allegheny*, 672 F.3d 198, 211 n.9 (3d Cir. 2012)) (quoting *Werts v. Vaughn*, 228 F.3d 178, 202 (3d Cir. 2000)).

Taking Petitioner's claims in turn: Because this Court has already found that there was no constructive amendment of the indictment (claim one), the jury instructions on 18 U.S.C. § 924(c)(1)(A) were adequate (claim two), the stipulation regarding the FDIC was sound trial strategy (claim three), and that Petitioner's claims regarding the sufficiency of the evidence on Count Ten of the indictment and the alleged omission from the jury instructions on same are meritless (claim four), all four of Petitioner's ineffective assistance of appellate counsel claims are denied.

## CERTIFICATE OF APPEALABILITY IS DENIED

This Court must determine whether Petitioner is entitled to a certificate of appealability in this matter. *See* Third Circuit Local Appellate Rule 22.2. The Court will issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court finds that Petitioner has not demonstrated that "jurists of reason could disagree with the [Court's] resolution of his constitutional claims," therefore the Court will not issue a certification of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

20

CONCLUSION

For the reasons set forth above, Petitioner's motion pursuant to 18 U.S.C. § 2255 is denied, and no certificate of appealability shall issue.

ANNE E. THOMPSON
United States District Judge

Date:
December 9, 2015

21